**Gilbert GOMEZ, Petitioner-Appellee,**

v.

**Dan V. McKASKLE, Acting Director, Texas Department of Corrections, Respondent-Appellant.**

No. 83–1589.

United States Court of Appeals, Fifth Circuit.

June 25, 1984.

Jim Mattox, Atty. Gen., Charles Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Lucius Bunton, Austin, Tex. (Court-appointed), for petitioner-appellee.

Before BROWN, GEE, and RUBIN, Circuit Judges.

GEE, Circuit Judge:

Gilbert Gomez, formerly a prisoner in state custody, obtained a writ of habeas corpus from the federal district court on the ground of ineffective assistance of counsel. The district court granted the writ on a finding that petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment by counsel's failure to call as a trial witness a co-defendant and by counsel's failure to request a jury instruction that the government had to demonstrate an "affirmative link" between Gomez and the heroin for possession of which he was convicted. On this appeal by the state, we hold that the findings of fact

underlying the district court's conclusion find no support in the record and that petitioner's Sixth Amendment rights to counsel were not violated. Accordingly, we reverse; the writ is denied.

## Background

Gomez was arrested pursuant to a police search of an automobile in which he was a passenger; the search revealed three packages of heroin stuffed under the front seats. Co-defendant Torres was driving the car. At trial, petitioner's counsel cross-examined the arresting officer regarding the lack of connection between Gomez and the heroin and secured a running objection to evidence concerning the heroin found in the car on the ground that the state "had not connected any of this testimony" to Gomez. Counsel also filed a motion, which was denied, to have the jury instructed on the definition of the term "possession" as follows (in relevant part):

> You are instructed that before you may find the defendant guilty of the offense, illegal possession of heroin, you must find that such possession by the defendant was conscious, knowing and wilful. The possession contemplated by the statute in this case is the exercise of actual care, control and management of the prohibited narcotic drug....

Gomez was convicted by a jury and his conviction and sentence were affirmed on appeal. Gomez then filed three state writ applications, each of which was denied. Two previous federal writ applications were also denied. In this application, Gomez alleged that he was denied compulsory process, challenged the sufficiency of the evidence, and raised a Sixth Amendment claim of ineffective assistance.

On April 4, 1978, an evidentiary hearing was held before the federal magistrate at which co-defendant Torres testified that all of the heroin found in the vehicle belonged to him and that he pled guilty, was convicted and was sentenced before petitioner was tried. He also testified that he had been subpoenaed to testify in petitioner's behalf, but that his attorney had advised him not

to do so. Torres was not, in fact, called to testify at Gomez's trial. The magistrate recommended denial of petitioner's claims of denial of compulsory process and insufficiency of the evidence and found that petitioner had not exhausted his Sixth Amendment claim.

The district court adopted the magistrate's recommendations and denied Gomez's first two claims, but held that the ineffective assistance claim had in fact been exhausted and remanded to the magistrate for a second evidentiary hearing on this ground. After this hearing, held on May 19, 1981, the magistrate recommended denying relief on two specific claims of ineffective assistance: failure to raise the question of an "affirmative link" and failure to object to the use of a prior conviction for enhancement. At this evidentiary hearing, counsel for Gomez testified that he had argued to the jury at Gomez's trial that the heroin had not been affirmatively linked to petitioner. The magistrate commented that a third claim of ineffective assistance, apparently raised for the first time at the May 19 hearing and based on counsel's failure to call co-defendant Torres as a witness, had not been exhausted, but recommended denial of this claim as well. On September 30, 1982, a third hearing was held before the district court; the only evidence presented, however, was the transcripts of the April 4, 1978 and May 19, 1981, hearings before the magistrate. Rejecting the magistrate's recommendation, the district court granted the writ, holding that petitioner's Sixth Amendment rights had been violated by counsel's failure to call the co-defendant as a witness and failure to request a charge on "affirmative link."

The state appeals the grant of the writ, contending that petitioner failed to show that counsel's failure to call Torres to the stand prejudiced the defense, and that where counsel raised the tenuousness of the connection between petitioner and the heroin through cross-examination and objections, in closing argument, and in a requested jury instruction regarding posses-

sion, the fact that counsel did not request a jury instruction employing the term "affirmative link" did not render counsel ineffective. For the reasons set out below, we agree.[1]

### Ineffective Assistance after Strickland

In reviewing this case, we apply the standard for ineffective assistance of counsel newly articulated by the Supreme Court in *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There the Court reversed an en banc decision of this court, *Washington v. Strickland,* 693 F.2d 1243 (5th Cir.1982), in which we formulated and applied a test requiring the defendant to show that a specific act or omission by counsel did not comport with "reasonably effective assistance" and that this act or omission resulted in "actual and substantial prejudice" to the defense. While affirming the "reasonably effective" test for counsel's performance, 104 S.Ct. at 2064–67, 2069, the Supreme Court restated the test of prejudice to the defense: "The defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 104 S.Ct. at 2068.

Further, the Court articulated "a number of practical considerations," *id.,* 104 S.Ct. at 2069, for the application of the standards it outlined. Two of these are particularly relevant to our rulings here. First, "although district court findings are subject to the clearly erroneous standard of Fed. Rules Civ.Proc. 52(a), both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Second:

> there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if

the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Bearing the *Strickland* standard and these guidelines for its application in mind, we turn to the district court's ruling here.

### Specific Lapses Alleged

Based on the testimony at the evidentiary hearing of Torres and that of Gomez's trial counsel, the magistrate concluded:

> If Seferino Torres were called as a witness, there is no guarantee that his testimony would absolve Petitioner....
>
> Mr. Torres would be testifying as a defendant indicted for the same crime. Further, Mr. Torres would have had to waive his Fifth Amendment privilege, which he might or might not have done. There is no way to determine for certain what his testimony would have been back in 1969 and whether it would have made any difference in the outcome of the trial.

Without hearing further testimony, but relying solely on the transcript of the two hearings before the magistrate, the district court rejected the magistrate's recommendation stating: "Petitioner offers proof by affidavit that Torres, if called, would have testified the heroin was not his." The district court's description of what Torres would have said had he been called is not supported by the record. Both in his affidavit and at the first evidentiary hearing Torres testified that he told his lawyer that

---

1. Our denial of the writ on these grounds renders it unnecessary for us to reach the third issue raised by the state on appeal: whether the trial court erred in rejecting the magistrate's recommendation and granting the writ where the only evidence before the court was the tran-

script of the hearings before the magistrate and the court did not itself hear evidence.

At oral argument, the state indicated that it had abandoned an argument earlier pursued: that petitioner had not exhausted his state remedies as to all of his ineffective assistance claims.

he wanted to testify that Gomez did not know about the narcotics hidden in the car, but his lawyer advised him not to do so. This testimony does not satisfy petitioner's burden to show that Torres would have testified favorably to him at trial, so that he was prejudiced by his counsel's not calling Torres. It is at least equally possible, and indeed strongly suggested by this testimony, that Torres would have "taken the Fifth" on the advice of his attorney. Since we find that petitioner has not shown that he was prejudiced by Torres's not being called to the stand, we need not reach the issue of whether the decision not to call Torres was a reasonable tactical choice or an unreasonable lapse on the part of counsel. *See Strickland*, 104 S.Ct. at 2070.

■ Also, the district court's summary conclusion that counsel's not requesting a charge on "affirmative link" did not meet the standard for effective assistance is error as a matter of law. The state must indeed prove some "affirmative link" between Gomez and the heroin to find him guilty of possession; specifically, the state must prove (a) that Gomez exercised some dominion or control over the heroin and (b) that he knew it was contraband. *E.g., Deshong v. State*, 625 S.W.2d 327 (Tex.Cr. App.1981). However, defense counsel addressed this element of the offense in several ways: by securing a running objection to the admission of evidence regarding the heroin as not connected to Gomez, by cross-examining the state's witnesses in a manner designed to show that the heroin was not under Gomez's control, by requesting a jury instruction to the effect that they must find Gomez actually possessed the heroin, and by arguing in closing that the heroin was not shown to be under Gomez's control. In view of these efforts to convince the jury that the state had not proved a connection between Gomez and the heroin found, we cannot agree with the district judge that merely by not requesting a jury instruction including the precise term "affirmative link" counsel failed to render reasonably effective assistance.

The grant of the writ is accordingly REVERSED.