**Narcisco Sanchez RICO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68637.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

On Rehearing April 16, 1986.

John Mann, Amarillo, for appellant.

John H. Tull, Jr., Former County Atty., and John L. Owen, Former Asst. County Atty., Bill Baumann, County Atty., and Pamela C. Oglesby, Asst. County Atty., Amarillo, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the misdemeanor offense of theft of property over the value of five dollars; the

punishment is confinement in the county jail for six months and a fine of $1,000.

In his first ground of error the appellant asserts that the trial court committed reversible error by submitting to the jury a charge authorizing conviction on a theory not alleged in the indictment.

It was alleged that:

"NORCISO SANCHEZ RICO, hereinafter styled defendant, heretofore on or about the 7th day of June A.D., 1980, in the County of Potter and State aforesaid did then and there unlawfully appropriate property, to-wit: one bottle of wine, one ribeye steak and one round steak of at least the value of $5.00 but less than the value of $20.00 from the owner, James Meier, without the effective consent of the owner, and with intent to deprive the said owner of said property, the said Defendant committed the offense by acting together with Shanda Sue Sanders in that the said Defendant acted with the intent to promote and assist the commission of the offense by aiding the said Shanda Sue Sanders in the commission of the offense."

The court instructed the jury that:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant either by his own conduct did then and there on or about the 7th day of June A.D., 1980, in the County of Potter and State of Texas unlawfully appropriate property, to-wit: one bottle of wine, one ribeye steak and one round steak of at least the value of $5.00 but less than the value of $20.00 from the owner, James Meier, without the effective consent of the owner, and with intent to deprive the said owner of said property, or, acting with intent to promote or assist the commission of the offense, aided Shanda Sue Sanders to commit the offense charged, as defined above, and that the said Shanda Sue Sanders did then and there on or about the 7th day of June A.D., 1980, in the County of Potter and State of Texas unlawfully appropriate property, to-wit: one bottle of wine, one ribeye steak and one round steak of

at least the value of $5.00 but less than the value of $20.00 from the owner, James Meier, without the effective consent of the owner, and with intent to deprive the said owner of said property, you will find the defendant guilty."

A party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another; V.T.C.A. Penal Code, Section 7.01; *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.1978); but if the evidence supports a charge on the law of parties the court may charge on the law of parties even though there is no such allegation in the indictment or information. *English v. State*, 592 S.W.2d 949 (Tex.Cr.App.1980); *Galvah v. State*, 598 S.W.2d 624 (Tex.Cr. App.1979); *LeDuc v. State*, 593 S.W.2d 678 (Tex.Cr.App.1979); *Pitts v. State*, supra. However, in the instant case, the State, perhaps because it correctly anticipated the proof would show the appellant was guilty as a party to the offense only, charged him in the information with being a party to the offense committed by Shanda Sue Sanders.

Although appellant was only charged in the information with committing the offense as a party, the instructions to the jury allowed his conviction on the theory that he committed the offense by his own conduct. Even though there was no trial objection to the charge, it has been held that a charge which allows conviction for commission of an offense in a manner not alleged is fundamental error. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979); *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr. App.1979).

The judgment is reversed and the cause is remanded.

McCORMICK and MILLER, JJ., dissent.

OPINION ON STATE'S MOTION
FOR REHEARING

McCORMICK, Judge.

On original submission, a majority of this Court reversed appellant's conviction on

the theory that since the information alleged that appellant acted together with another in the commission of the theft it was fundamental error to charge the jury that they could convict appellant if they found he acted either alone or as a party. The majority concluded that what occurred in the instant case was the malady condemned in *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). After reviewing this case on rehearing, however, we are constrained to reverse our earlier ruling and hold that the charge did not contain reversible error.

■ Initially we note that the charge in the instant case does not contain the type of error condemned in *Cumbie.* The concern in *Cumbie* was that a charge including a different theory of the commission of the offense would permit a conviction on *proof* different from that required to prove the allegations in the charging instrument. This is not the situation in the instant case. It has been acknowledged that a charge on the law of parties enlarges a defendant's criminal responsibility. Thus, the concept of criminal responsibility as a party is a benefit to the State. *Bilbrey v. State,* 594 S.W.2d 754, 756 (Tex.Cr.App.1980); *Romo v. State,* 568 S.W.2d 298, 302 (Tex.Cr.App. 1978) (Opinion on Rehearing); *Ellis v. State,* 551 S.W.2d 407, 411 (Tex.Cr.App. 1977). In the instant case, allowing conviction of appellant while acting alone narrowed appellant's scope of criminal responsibility and actually was a boon to appellant in that it effectively increased the State's burden. That is, if the jury actually convicted appellant as a result solely of his actions, they found that the State proved appellant was acting as a party and more.

In addition, this Court has held on several occasions that error is not present in the converse situation, that is, when an accused is charged alone but a conviction is authorized on the theory of parties. *Meanes v. State,* 668 S.W.2d 366 (Tex.Cr.App. 1983); *Blanco v. State,* 641 S.W.2d 532 (Tex.Cr.App.1982); *Le Duc v. State,* 593 S.W.2d 678 (Tex.Cr.App.1979); *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980);

*Pitts v. State,* 569 S.W.2d 898 (Tex.Cr.App. 1978). In those cases, an individual does not receive the detailed notice that the appellant in the instant case received. Yet we have found no error.

Secondly, since the original opinion in this cause was handed down, a new test for finding fundamental error in the court's charge has been enunciated by this Court. In *Almanza v. State,* 686 S.W.2d 157 (Tex. Cr.App.1984) (Opinion on Rehearing), this Court held that, if no objection was made at trial and the accused was claiming "fundamental error," reversal should occur only if the record showed that as a result of the error in the charge the accused had suffered "egregious harm." Thus, the automatic reversal rule of *Cumbie* has been eliminated and a two-step inquiry has been substituted in its place.

■ Applying the *Almanza* standard to the instant case, we find that fundamental error is not present. As we held above, the charge as given contained no error. However, even if we had found that the charge as given was erroneous, our review of the record under the second step—the "egregious harm" step—shows that appellant suffered *no* harm at all as a result of the court's charge.

A review of the evidence shows that the State clearly proved that appellant acted with another in stealing several grocery items. Officer John Vela, an Amarillo police officer, testified that he was working security at a Safeway Grocery store on the date of the offense when he saw appellant and Shanda Sanders enter the store. Sanders picked out a grocery cart and the pair then headed for the meat counter. At the meat counter appellant picked up two packages of meat and placed them in the grocery cart. Sanders, with appellant walking beside her, pushed the cart down an aisle where she stopped. Appellant then walked around to the front of the cart and turned to face Sanders. After both appellant and Sanders looked in both directions to see if anyone was watching, Sanders placed the two packages of meat in her purse. The pair then proceeded to the aisle containing

the wine. Once again with appellant acting as a lookout, Sanders picked up a bottle of wine and deposited it in her purse. Appellant then proceeded to an express check out line where he stood waiting to pay for a loaf of bread he had picked up. Meanwhile Sanders walked to the door of the store and exited. She was immediately arrested. Appellant was arrested while waiting in the check out line.

The defensive theory presented at trial was that appellant did not know his companion was stealing the items. Appellant's co-defendant testified that she stole the items without appellant's knowledge.

The State's theory was that appellant was guilty as a party. The information charged that he acted as a party and indeed the charge submitted to the jury contained instructions that they should find him guilty either as a party or as acting alone. The evidence clearly showed appellant's guilt as a party and the verdict returned by the jury at the guilt-innocence stage of the trial read:

"We the Jury, find the Defendant guilty as alleged in the Information."

We can find no harm to appellant as a result of the way the jury was charged. Compare *Williams v. State*, 676 S.W.2d 399 (Tex.Cr.App.1984) (where accused was indicted as a party with Rebecca Taylor *and* Pete DeLaRosa, but the jury charge allowed conviction upon a finding that accused either acted as a party with both individuals or acted as a party with Taylor *or* with DeLaRosa *or with both* ). Appellant's first ground of error is overruled.

The next three grounds of error deal with State's Exhibits 4 and 5, pen packets from the Texas Department of Corrections, which were admitted into evidence along with State's Exhibit 3, another pen packet, at the punishment phase of the trial. After the State moved that the three exhibits be admitted into evidence, appellant made the following objection:

"MR. TRUJILLO: Your honor, there's— the Defendant objects to the fact that there is no witness here stating that they are official records of the State of Texas."

This objection was overruled and the exhibits were admitted into evidence.

In his second ground of error, appellant complains that reversible error occurred when the trial court admitted State's Exhibit 4 during the punishment phase of the trial. State's Exhibit 4 was a pen packet from TDC containing papers regarding appellant's conviction for theft over $50.00 in Cause No. 3537 in the 142nd Judicial District court of Midland County. Included in the pen packet with the judgment was an order revoking probation, a notice of hearing on probation, the motion to revoke probation, and the original order placing appellant on probation.

Appellant now argues that any reference to the revocation of probation was inadmissible in that a revocation of probation is not equivalent to a conviction, a suspended sentence, or probation and thus does not come within the ambit of Article 37.07, Section 3(a), V.A.C.C.P.

■ We note initially that appellant's ground of error urged on appeal does not comport with the objection he made at trial. Thus nothing is preserved for review. *Wagner v. State*, 687 S.W.2d 303 (Tex.Cr. App.1984); *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1979).

■ Furthermore, we have held in *Elder v. State*, 677 S.W.2d 538 (Tex.Cr.App.1984), that an order revoking a probated conviction is part of a defendant's "prior criminal record," since in order to prove the finality of a probated conviction, the State is required to show that the probation was revoked. Appellant's second ground of error is overruled.[1]

---

1. We are cognizant that in *Cliburn v. State,* 661 S.W.2d 731 (Tex.Cr.App.1983), reversible error occurred when a pen packet was admitted into evidence containing a motion to revoke probation. This Court found that the motion contained evidence of an unadjudicated extraneous offense. Although the same malady appears to exist in this case, appellant did not voice this objection at trial, nor has he seen fit to make such an argument on appeal.

In his third and fourth grounds of error, appellant complains that the trial court erred in admitting State's Exhibit 5 since two of the convictions contained therein were void. He complains specifically of Cause Nos. 4846 and 4847 from Haskell County. He complains first that his punishment of seven years exceeded the maximum punishment available for forgery convictions under the old penal code. Second, he complains that, since the judgments in both causes reflect that in each case he was found guilty of both forgery *and* passing a forged check, the convictions are void in that he was convicted of and sentenced for two different crimes in each case.

In *Hill v. State*, 633 S.W.2d 520 (Tex.Cr. App.1982) (Opinion on Rehearing), we held that failure to object at trial to the introduction of proof an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction. Only if an objection is timely lodged *on the proper grounds* and the trial court is given the opportunity to determine at trial whether the prior conviction was permissibly obtained and whether it is admissible as evidence, will an appellate court be able to review the propriety of the use of the prior conviction.

Appellant's only objection to the admission of these records has been set out above. It is evidence that appellant failed to object properly to the admission of these prior convictions. Therefore, under *Hill*, we are constrained to hold that this ground of error has not been preserved for review. Furthermore, even if we considered the merits of appellant's argument and found that the two prior convictions were void, their admission into evidence in the instant case was harmless in that five other prior convictions were also admitted into evidence. Appellant's third and fourth grounds of error are overruled.

In his fifth ground of error, appellant claims that reversible error was committed when numerous extraneous offenses were admitted into evidence. Specifically he complains that Officer Vela was allowed to testify that at the time of the arrest appellant was "highly intoxicated," "very disorderly" and used loud and profane language. Vela also testified that during the booking process appellant told Vela that if he would let him go he would show the officer where 40 kilos of marihuana were located. Finally, Vela testified that he felt appellant had been stealing from the grocery store on prior occasions and he had almost caught him on one or two occasions previously.

We are once again compelled to find that error is not preserved in that appellant voiced no objection to any of these statements. *Brown v. State*, 640 S.W.2d 275 (Tex.Cr.App.1982); *Haynes v. State*, 627 S.W.2d 710 (Tex.Cr.App.1982).

In his sixth ground of error, appellant argues that he was denied effective assistance of counsel. On the day prior to trial, December 15, 1980, the trial court heard a motion for withdrawal filed by appellant's attorney. Counsel argued that appellant had informed him that he would not be paid and that appellant wanted a court-appointed attorney. Counsel also maintained that appellant refused to cooperate with him in preparation of the case. The court denied counsel's motion. Thereafter, trial began on December 16. The State called two witnesses, Officer John Vela, who testified that he saw appellant and his common law wife shoplifting the items, and James Meier, the assistant manager of the store, who testified as to the value of the items. During Vela's direct testimony, State's Exhibit 1, a picture of the two packages of meat and the bottle of wine, was offered into evidence. Defense counsel objected that since there was no way to identify the objects in the photograph as being the same ones taken from the store, the photograph should not be admitted. His objection was overruled. At the beginning of his cross-examination of Officer Vela, defense counsel began by questioning the witness about his ethnic heritage. When the prosecutor's objection as to the relevancy of this line of questioning was sustained, defense counsel moved on to ques-

tion the officer about appellant's intoxication at the time of the arrest. Then defense counsel asked the officer if appellant had told him that if the officer would let him go he would show him where 40 kilos of marihuana were located. Vela responded that this was true but since appellant was drunk he paid no attention to him. At the conclusion of the testimony by these two witnesses, the State rested.

Before he began presenting evidence, defense counsel asked the judge for permission to bring a preliminary matter to the attention of the court. He then orally requested the trial court to dismiss the case on the basis that appellant had been denied his right to a speedy trial under the Speedy Trial Act. The trial court denied appellant's untimely motion without a hearing. Appellant then presented his defense. Shanda Sanders, appellant's common law wife testified that she accompanied appellant to the store on the day of the offense. She testified that it was she and not appellant who had stolen the items. She testified further that appellant was so drunk he did not know what she was doing. On cross-examination, Sanders testified that she had a prior misdemeanor conviction for theft and a prior conviction for prostitution. Defense counsel also called Eugene Willet as a witness. Willet testified that he had been friends with appellant for the previous three years. According to Willet, appellant often helped him out financially and often drove him to the grocery store. Finally Willet testified in response to defense counsel's questioning that appellant was very much against stealing. On cross-examination, the State took advantage of the door opened by defense counsel and began impeaching the witness' knowledge of appellant by asking "have you heard" questions about appellant's 1962 conviction for forgery, appellant's 1967 conviction for theft over $50.00, appellant's two 1972 convictions for passing forged instruments, and appellant's three 1973 convictions for forgery and passing a forged check.

Following the conclusion of the evidence, appellant presented several objections to the court's charge. He requested a charge on intoxication as a defense to the crime, a definition for the term "aid," an instruction that the criminal act be completed in order for an offense to be committed, an instruction on the specific intent needed for the commission of theft, and a more thorough definition of "criminal responsibility." These objections were overruled. The thrust of defense counsel's closing argument was that appellant was intoxicated at the time and should not be responsible for the actions of Shanda Sanders.

While the jury was deliberating on guilt-innocence, defense counsel requested that the trial court formally appoint him to the case so that he could be paid for his representation of appellant. The court did so. Shortly thereafter, the jury returned with a guilty verdict.

During the punishment phase of the trial, the State introduced into evidence three pen packets containing seven felony convictions. As we noted above, defense counsel's only objection concerned the predicate for their admission. Appellant again put on Sanders and Willet who testified as to the hardship they would face should appellant be sentenced to serve jail time. During his closing argument to the jury, defense counsel asked for the minimum sentence, while the State asked for the maximum. The jury assessed the maximum sentence. After asking the court for ten days to accept sentencing, defense counsel again moved for a mistrial on the ground that appellant was denied his right to a speedy trial. His motion was denied.

Appellant now cites several instances in the record to support his claim of ineffective assistance of counsel. First, he complains that counsel failed to object properly to the admission of the extraneous offenses discussed in the fifth ground of error. Second, he complains about "the worthliness (sic) of the defense objections to the admissability (sic) of State's Exhibit No. 1, being a picture of the alleged stolen articles." Third, he argues that counsel's cross-examination of Officer Vela as to his ethnic origin was totally irrelevant. Fourth, he

asserts that counsel's ineffectiveness is shown by the fact that counsel himself interjected into evidence appellant's knowledge of the whereabouts of 40 kilos of marihuana. Fifth, he complains of the fact that counsel failed to move for dismissal of the case pursuant to the Speedy Trial Act until after the State had rested its case during the guilt-innocence phase of the trial. And finally he points out counsel's failure to ask for written instructions and definitions in the court's charge.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court enunciated a two-prong test that must be used in analyzing a claim of ineffective assistance of counsel. First, the defendant must show that counsel's representation was deficient—that his assistance was not "reasonably effective." If it is determined that the attorney did not render "reasonably effective" assistance, then the second prong of the test requires that the defendant show that the "deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The fact that a defendant was not accorded "reasonably effective" assistance of counsel, does not warrant setting aside the conviction if the error had no effect on the proceedings. It is the defendant's burden to prove prejudice—that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The Supreme Court in *Strickland* noted that in analyzing these cases, it is not necessary to address both components of the test if the defendant makes an insufficient showing on one.

"... In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed...." *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. at 2069–2070, 80 L.Ed.2d at 699.

See also: *Berry v. King*, 765 F.2d 451 (5th Cir.1985); *Celestine v. Blackburn*, 750 F.2d 353 (5th Cir.1984); *Mitchell v. Scully*, 746 F.2d 951 (2nd Cir.1984); *Willie v. Maggio*, 737 F.2d 1372 (5th Cir.1984); *Gomez v. McKaskle*, 734 F.2d 1107 (5th Cir.1984).

■ We find no need in the instant case to address the first prong of the test as appellant has not demonstrated sufficient prejudice under the second prong. There is nothing in the record to suggest that even if his motion to dismiss for denial of a speedy trial had been timely and properly presented it would have had merit. Furthermore, as to guilt-innocence, there was direct eyewitness testimony from Officer Vela that appellant stole the goods with Shanda Sanders. The only issue for the jury to decide during guilt-innocence was whom to believe. We find that the omissions cited by appellant would have had little if any impact on the jury's decision as to the credibility of Vela and Sanders. Finally, at punishment, appellant's seven prior felony convictions were introduced to show his prior criminal record. Even had defense counsel properly objected to the two prior convictions about which he complains on appeal and the two convictions excluded from evidence, the jury still would have had before them five prior convictions. Based upon this record, we are unable to say that there is a reasonable probability that the jury's decision as to punishment would have been any different. Because we find that appellant has failed to show prejudice under the second prong of the *Strickland* test, we are compelled to overrule this ground of error.

■ In his last ground of error, appellant complains of fundamental error in the information. The information alleged that appellant unlawfully appropriated the stolen items from the owner without specify-

ing which type of ownership the State was relying upon. Appellant argues that this omission constituted fundamental error. We disagree.

In *Thomas v. State,* 621 S.W.2d 158 (Tex. Cr.App.1981) (Opinion on Rehearing), this court held that even in the face of a motion to quash, there was no need to specify which type of ownership the State was relying upon. The Court held that definitions of statutory terms like "owner" are essentially evidentiary and need not be alleged in an indictment or information.

> "Regarding the allegation of owner, we can perceive of no situation where the type of owner will either assist or affect the defense. Whether the owner has title, possession, or greater right to possession will not benefit a defendant, and does not go to giving him *notice of his alleged act.*"

See also *Marrs v. State,* 647 S.W.2d 286 (Tex.Cr.App.1983).

Inasmuch as the failure of the information to specify the type of ownership is not error in the face of a motion to quash, such a "defect" cannot be characterized as fundamental error. Appellant's final ground of error is overruled.

Appellant's conviction is affirmed.

CLINTON, J., concurs in result.

TEAGUE, J., dissents.