Freddie Ray DOUGLAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–86–00452–CR, 01–86–00453–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1987.

Rehearing Denied Nov. 19, 1987.

**661**

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Kathlyn Giannaula, Vic Wisner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

OPINION

JACK SMITH, Justice.

This Court's opinion of October 8, 1987, is withdrawn and the following is substituted.

Appellant pleaded guilty to possession of marihuana (cause no. 439,373) and delivery of marihuana (cause no. 439,374), and the trial court assessed his punishment at 15 years confinement.

In his first point of error, appellant contends that the trial court erred in denying his motion to dismiss on statutory speedy trial grounds.

The Speedy Trial Act, Tex.Code Crim.P. Ann. art. 32A.02 (Vernon Supp.1987), has recently been held unconstitutional under the separation of powers doctrine of Tex. Const. art. II, sec. 1. *See Meshell v. State,* 739 S.W.2d 246 (Tex.Crim. App., 1987). In view of the holding in *Meshell,* the appellant's first point of error is now rendered moot.

Point of error one is overruled.

■ Appellant's second point of error contends that the trial court erred in overruling his motion to quash the indictment because a memorandum was not prepared by the grand jury prior to the indictment being prepared and signed by the grand jury foreman.

Tex.Code Crim.P.Ann. art. 20.19 (Vernon 1977) provides that:

After all the testimony which is accessible to the grand jury shall have been given in respect to any criminal accusation, the vote shall be taken as the presentment of an indictment, and if nine members concur in finding the bill, the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment.

Appellant does not contend that the indictment is defective or irregular in form or substance, but claims that the indict-

ment was invalid because it was not prepared in accordance with article 20.19. Appellant cites no authority for his contention other than the statute.

When a legally constituted and unbiased grand jury returns an indictment that is valid on its face, courts have consistently refused to go behind the face of the indictment to see if there is evidence to support it or to ascertain whether it was prepared according to the statute. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *Carpenter v. State,* 477 S.W.2d 22 (Tex.Crim.App. 1972).

Appellant's second point of error is overruled.

In his third point of error, appellant contends that his guilty plea was not knowingly and intelligently entered because he believed that he would receive "effective review" of his pretrial motions, and because his claims of error with regard to those pretrial motions were not "properly preserved." Appellant's third point of error is contingent on the fact that "this Court will find under one or more reasons that the error complains [sic] of under those two grounds [points of error one and two] was not properly preserved for appellate review."

■■■ The errors complained of in points one and two were properly preserved, even though appellant entered a guilty plea pursuant to a plea bargain, because the trial court specifically gave the appellant permission to appeal these pretrial motions. Although the pretrial motion to dismiss on statutory speedy trial grounds was not in writing at the time of the hearing, the failure to file a written pretrial motion is not a jurisdictional bar to our review under the former Tex.Code Crim.P. art. 44.02, *proviso repealed by* Ch. 685, § 4, 1985 Tex.Gen.Laws 5136, 5137–38, now Tex.R. App.P. 40(b)(1), where the trial court specifically permits the defendant to appeal the pretrial motion. *Galitz v. State,* 617 S.W. 2d 949, 951–52, 956 (Tex.Crim.App.1981) (op. on reh'g). According to *Galitz,* the former article 44.02, which was in effect at the time that appellant entered his guilty plea, provided that a defendant could appeal after a guilty plea if "the basis of the appellate ground of error has been presented in writing, pretrial, to the trial court for consideration *or* the trial court has given permission to pursue an appeal in general or upon specific contentions." *Id.* at 951 (emphasis in original).

Appellant alternatively claims that, even if this Court finds that it has jurisdiction to review either or both of appellant's pretrial motions, the error was not "properly preserved by failure to file a written motion or present evidence or obtain a timely ruling" so that he is denied "effective appellate review" that renders his guilty plea involuntary. Written pro se motions to dismiss the indictments were filed and adopted by trial counsel at the hearing on the guilty plea. In view of the mootness of point of error one, an evidentiary hearing would not render appellate review any more "effective."

Point of error three is overruled.

Appellant's fourth point of error complains that he was denied effective assistance of counsel because trial counsel failed to properly present and preserve for review the merits of his pretrial motions.

■■■ To reverse a conviction on ineffective assistance of counsel claims, appellant must show that trial counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the second prong of the *Strickland* test, the appellant must show that but for trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 695, 104 S.Ct. at 2068.

■■■ Because appellant's pre-trial motions would not have been meritorious even if presented differently by trial counsel, appellant cannot show that the outcome of the proceeding would have been any different. *See Rico v. State,* 707 S.W.2d 549, 556 (Tex.Crim.App.1983).

Appellant's fourth point of error is overruled.

The judgments are affirmed.