**David Joel ALARID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–87–0024–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 17, 1988.

---

Nick Barrera, Stanley G. Schneider, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted of theft of real property valued at $20,000 or more, pursuant to one scheme or a continuing course of conduct. Punishment was assessed at fifteen years and a $10,000 fine. We affirm.

Appellant owned a number of companies the purpose of which was to buy homes and find investors looking for tax shelters. In the fall of 1985, appellant contracted to buy two houses through one of his companies.

The first house (hereinafter referred to as the Covey house) had a mortgage balance of $73,300. Richard Owings, Director of the Litigation Division of the Harris County Tax Appraisal District, testified that the house had a fair market value of $69,900. The appellant contracted to purchase the house and, after closing, rent the house to the seller. Seller paid appellant $3,000 to make two delinquent mortgage payments and to pay the closing costs. In the latter part of December, the mortgage company contacted the seller in an attempt to find the appellant. Appellant had stopped payment on the checks he used to make the delinquent payments. Appellant had also made no mortgage payments on the house. The seller was then informed that he would be liable for any deficiency after the house was foreclosed and resold.

On the second house (hereinafter referred to as the Burt house), appellant agreed to assume the mortgage payments. The principal remaining on the mortgage was $52,987.90. Mr. Owings testified that the fair market value of the house was $49,100. In January, its seller found out that no payments had been made on the mortgage since she had made her last payment in October. In February, she received a foreclosure notice and discovered that she was liable for the past due payments or for the deficiency at resale.

Three other people who had entered into contracts with the appellant also testified. They stated that appellant had done essentially the same thing to them. No payments were made on their mortgage and there was eventually a foreclosure. The prosecution introduced a chart showing seventy-one purchases made by the appellant for his companies with the result of each transaction.

■ In his first point of error, appellant claims that the trial court committed fundamental error in failing to give a full instruction on the statutory definition of value. In his third point for error, he claims that the evidence is insufficient to support the conviction of theft of property with a value of $20,000 or more. These arguments are based on the same two theories. The first is that both houses were worth much less than $20,000. The second is that the appellant gave consideration for his service which was of some value to the complainants. He claims that the value of this service should have been deducted from the value of the homes.

Counsel argues that it was the title, not the property, which was the subject of the alleged theft. Appellant then reasons that the title had no value because the balance on the note exceeded the fair market value of the property. Therefore, he claims he could not be convicted of theft of property worth over $20,000 since the title had no value. Under appellant's theory, if a car were financed and the balance of the note was more than the fair market value of the car, the car would have no value and one

stealing it could not be convicted. This of course is not correct. The total value of the item is what is important in determining the amount stolen regardless of the debt against the item.

Relieving the sellers of the burden of making house payments could have been of value. However, the payments were not made. The default caused the houses to be foreclosed. Appellant had no assets so the mortgage companies sought payment from the sellers. When they could not pay, the mortgages were foreclosed. The sellers became liable for the deficiency.

The jury instructions defined value as, "the fair market value of the property at the time and place of the offense" using 31.08(a)(1) of the TEX.PENAL CODE ANN. (Vernon 1974). No objection was made to this instruction. Appellant now asserts that he has suffered egregious harm because it was fundamental error not to include in the instruction section 31.08(d) of the TEX.PENAL CODE ANN. (Vernon 1974) which states as follows:

If the actor proves by a preponderance of the evidence

that he gave consideration for or had a legal interest in the property ... stolen, the amount of the consideration with the value of the interest so proven shall be deducted from the value of the property ... ascertained under subsection (a) ... of this section to determine the value for purposes of this chapter.

When there is no objection to the jury charge, to be reversible, the harm to the defendant must be so egregious that the defendant was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1975) (opinion on state's motion for rehearing) *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). Here the defendant was not denied a fair and impartial trial.

■ Mr. Owings testified that the fair market value of both houses was greater than $20,000. The loan value of the properties exceeded $20,000. The seller testified to the amount they paid for the property. There was sufficient evidence that the theft was for over $20,000 regardless of any value of appellant's alleged service. Points of error one and three are overruled.

■ In his second point of error, appellant claims that the evidence was insufficient to prove that he had criminal intent when he purchased the houses. The prosecution called six witnesses who testified to similar transactions. The sellers of both the Covey house and the Burt house testified that they would not have entered into the transaction had they known no payments were going to be made by appellant. The chart of seventy-one transactions provided additional evidence. There was sufficient evidence of intent. Point of error two is overruled.

■ In his fourth and fifth points of error, appellant alleges that it was error to fail to instruct the jury on the lesser included offense of third degree felony theft of property valued at greater than $750 but less than $20,000 and to fail to submit the alternate offense of misdemeanor theft. To have a lesser included offense submitted, there must be some evidence that the defendant is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981). *Cordova v. State*, 698 S.W.2d 107 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). Richard Owings was the only one who testified to the fair market value of both houses, which exceeded $20,000. If the value of the mortgages were deducted from the appraised value, the homes would have no net worth. There is no evidence that the value of the property is between $200 and $20,000 or that it had a value which would have established a misdemeanor theft. Points of error four and five are overruled.

■ In point of error six, appellant alleges that it was error to admit evidence of the seventy-one real estate transactions in which appellant was involved. There are two steps required for the admission of extraneous offenses. First, the evidence of the extraneous offense must be relevant to a material issue in the case other than the defendant's character. Second, the evidence must have probative value which out-

weighs its inflammatory or prejudicial effect. *Plante v. State*, 692 S.W.2d 487 (Tex. Crim.App.1985); *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1983).

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 401 TEX. RULE OF CRIM.EV.

This evidence was relevant to show the intent of the appellant. Intent is a material issue in the case. Its probative value substantially outweighs any prejudicial effect. The evidence was properly admitted. This evidence was also admissible under Rule 404(b) which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, *INTENT*, preparation, plan, knowledge, identity, or absence of mistake or accident, ... Rule 404(b) TEX.RULE OF CRIM.EV. [emphasis added]

All of the transactions were sales to the appellant or his companies. Rule 1006 of Texas Rules of Criminal Evidence states as follows:

The contents of voluminous writings, recordings, or photographs, otherwise admissible, which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation ...

The records of these transactions were available in court as three stacks of certified documents. The chart conforms with the purpose of the rule. These transactions were admissible to show the intent of the appellant. Point of error six is overruled.

In point of error seven, appellant asserts that there was ineffective assistance of counsel. To establish this, appellant must first show that counsel's errors deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). There is a presumption that counsel is competent. This presumption may be rebutted by showing that counsel's representation was unreasonable under prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Appellant must also show that the result of the trial would have been different had counsel's conduct been more professional. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Rico v. State*, 707 S.W.2d 549 (Tex.Crim.App.1983).

This claim is based on counsel's failure to request that the jury be instructed pursuant to section 31.08(d) of the TEX.PENAL CODE ANNOTATED. Appellant was not entitled to this instruction. Trial counsel may have realized this and followed another strategy. The sufficiency of counsel's representation is judged by the totality of his representation. *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Crim.App.1987). *Ewing v. State*, 549 S.W.2d 392 (Tex.Crim.App.1977) held that, "the fact that another attorney may have pursued a different tactical course of trial is insufficient to support a finding of ineffective assistance of counsel." Appellant has also failed to show that but for the counsel's representation, the result would have been different. Point of error seven is overruled.

The judgment is affirmed.

Panel consists of Justices Pressler, Draughn and Ellis.