IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31329
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALBERTO PEREZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1250
USDC No. 91-CR-479-L
--------------------
March 9, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this 28 U.S.C. § 2255 proceeding, this court granted Alberto Perez, who is a now a federal prisoner (# 59483-079), a certificate of appealability ("COA") to appeal the issue whether his trial counsel performed ineffectively by failing to call as a witness Julio Castro, who filed an affidavit in which he attested

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had been willing to testify so as to contradict certain testimony by primary Government witness James Singletary. Perez also argues that the district court should have held an evidentiary hearing as to this claim.

Castro's affidavit, presented more than five years after trial, suggests that he might have been able to counter some of the testimony given by Singletary. However, the affidavit, the record on appeal, and Perez's own conclusional and speculative assertions about his attorney's failure to call Castro reflect that his attorney made a reasonable strategic decision not to call Castro. See Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985) (§ 2254 case); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984) (§ 2254 case); Strickland v. Washington, 466 U.S. 668, 689-94 (1984). Castro's attestations in fact do not directly contradict Singletary's testimony but merely suggest Castro's own unawareness of Perez's role in the incidents described by Singletary. Moreover, Perez's pleadings are inadequate to explain how Castro's testimony might have aided his overall trial strategy or why Castro, who was apparently an unindicted coconspirator, would even want to testify. See Gomez v. McKaskle, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (§ 2254 case). Perez was not entitled to an evidentiary hearing on this matter.

The judgment of the district court is AFFIRMED.