**Affirmed and Memorandum Opinion filed April 21, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00092-CR

---

### JAMES NOAH APPLON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1403624**

---

## M E M O R A N D U M   O P I N I O N

Appellant James Noah Applon appeals his conviction for unlawful possession of a weapon. Following a jury trial, appellant pleaded "true" to an enhancement allegation and the trial court sentenced him to seven years in prison. In several issues, appellant contends that (1) the police's unconsented entry and failure to produce a warrant was unreasonable under the Fourth Amendment; (2) the police's opening of appellant's mail was unreasonable under the Fourth

Amendment; (3) the evidence is legally insufficient to show appellant intentionally and knowingly possessed the firearms; and (4) trial counsel rendered ineffective assistance of counsel. We overrule appellant's issues and affirm the jury's verdict.

## BACKGROUND

On October 3, 2013, six police officers went to a house to serve a warrant on Michael Roy Russell for a parole violation. At approximately 6:00 a.m., the police arrived at 5311 Evella, Houston, Texas, the address Russell provided to the parole board. When the police drove up to the house, they saw a large pit bull tied up to a chain-linked fence. The pit bull started barking as the police approached the house. The police noticed a light turned on in the bedroom on the right side of the house and saw someone looking through the window. Appellant then exited the house to secure the pit bull and began speaking to one of the officers. Appellant left the front door of the house open and the officers noticed that there were other people inside. Appellant did not object to the officers entering the house.

The police entered the house to search for Russell and spoke to three other people inside. Officers Johnson and Jeffrey went into the bedroom located on the right side of the house and saw a shotgun leaning against the wall. The officers also found a shotgun in the bedroom closet and a pistol underneath the bed. All three weapons were loaded. The officers discovered men's clothing on the shelves of a dresser and women's clothing in the closet. The officers also found an electric bill on the dresser addressed to appellant at 5311 Evella.

The officers ran a check to determine whether appellant had any prior felony convictions and found that appellant had a prior felony conviction and was released from prison in 2011. The officers placed appellant in the back of the patrol car and asked whether he wanted any clothes because it was going to be cold. Officer Jeffrey and appellant's girlfriend went into the bedroom on the right side of

2

the house to obtain appellant's clothes. The officers allowed appellant to get dressed and observed that the clothes fit appellant.

Appellant was indicted for being a convicted felon in possession of a firearm less than five years after release from incarceration. Appellant pleaded not guilty to the indictment. A jury found appellant guilty as charged. Appellant pleaded "true" to the enhancement paragraph and the trial court sentenced him to seven years in prison.

## ISSUES AND ANALYSIS

In four issues, appellant contends that: (1) the firearms were inadmissible because the police's unconsented entry and search of the residence in which he was a guest and lack of production of the arrest warrant was unreasonable under the Fourth Amendment; (2) the mail was inadmissible because the police's unconsented entry was unreasonable under the Fourth Amendment; (3) the evidence is legally insufficient to show that he intentionally and knowingly possessed the firearms; and (4) trial counsel rendered ineffective assistance of counsel by not objecting to the alleged unlawful searches and seizures.

### I.    Evidentiary Challenges

In his first and second issues, appellant alleges that the police's entry, failure to produce the arrest warrant, and opening of his mail was unreasonable under the Fourth Amendment. The State argues that these issues are not preserved for review because appellant's trial counsel failed to object at trial when the evidence was admitted.

As a threshold matter, we must first determine whether appellant properly preserved error for review. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). To preserve a complaint for appellate review, the record must show that

3

appellant made a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the grounds were apparent from the context, and obtained a ruling. Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). An objection must be asserted timely. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). To be timely, an objection must be made before the evidence is admitted or as soon as the ground for objection becomes apparent. *See id*.

The record reflects that appellant did not object until after two police officers testified extensively about the search of the residence. Both police officers testified that they entered the house and discovered three firearms and a piece of mail addressed to appellant. Appellant waited until the next day of trial to object to the officers' testimony. Appellant also waited until then to ask the trial court to consider the motion to suppress filed before trial.[1] Appellant's objection to the officers' testimony came too late. *See Thomas v. State*, 884 S.W.2d 215, 216−17 (Tex. App.—El Paso 1994, pet. ref'd) (holding that defendant waived error because he "did not lodge any objection until after he had allowed two police officers to testify extensively before the jury concerning the facts of this case"); *Turner v. State*, 642 S.W.2d 216, 217 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (holding that defendant waived error because he objected after the officer testified extensively about the arrest and items found in the search). Therefore, appellant's first and second issues have not been preserved for our review.

We overrule appellant's first and second issues.

---

[1] Although appellant contends error was preserved by filing a motion to suppress before trial, appellant concedes in his brief that "trial counsel failed to preserve error" with regard to these issues. Further, the record does not contain a motion to suppress.

## II.    Legal Sufficiency

Appellant contends that the evidence is insufficient to show that he intentionally and knowingly possessed the firearms. Specifically, appellant argues that the State's evidence is insufficient to affirmatively link him to the firearms.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013) (citing *Jackson v. Virginia*, 443 U.S. 307, 318−19 (1979)). The State was required to prove beyond a reasonable doubt that appellant, a felon, was in possession of a firearm. *See* Tex. Penal Code § 46.04(a). In this case, the State was required to show that appellant was previously convicted of a felony offense and possessed a firearm after the conviction before the fifth anniversary of the person's release from confinement. *Id*. § 46.04(a)(1). Appellant challenges only the evidence that he possessed a firearm.

In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession of a controlled substance. *Corpus v. State*, 30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Accordingly, the State was required to prove that appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. *Id*. at 38; *see also* Tex. Penal Code § 1.07(a)(39) (defining "possession" as "actual care, custody, control, or management"). If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, the State must offer additional, independent facts and circumstances that link the defendant to the firearm. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

5

The purpose of affirmatively linking the accused to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. *Id*. at 405−06.

In determining whether the defendant and the firearm are affirmatively linked, the court may consider applicable factors, including whether: (1) the firearm was in plain view; (2) defendant owned the premises where the firearm was found; (3) defendant made incriminating statements; (4) defendant was in close proximity to the firearm and had ready access to it; (5) defendant attempted to flee; (6) defendant's conduct indicated a consciousness of guilt; (7) defendant had a special connection to the firearm; and (8) the firearm was found in an enclosed space. *See Corpus*, 30 S.W.3d at 38; *see also Goosby v. State*, No. 14-13-00027-CR, 2014 WL 260070, at *1 (Tex. App.—Houston [14th Dist.] Jan. 9, 2014, pet. ref'd) (mem. op.) (not designated for publication) (applying the factors to firearms). The logical force the factors have in establishing the elements of the offense is more important than the number of factors present. *Corpus*, 30 S.W.3d at 38.

There are several facts that affirmatively link appellant to the three firearms found in the bedroom. The police entered the bedroom and found all three firearms in plain view. Several factors indicated that appellant lived in the bedroom where the firearms were discovered. The officers found an electric bill in appellant's name addressed to that residence. The electric bill was found on top of the dresser in the bedroom. Men's clothing was found on shelves in the bedroom. When appellant needed clothes, appellant's girlfriend went inside the bedroom to grab his clothing and the clothes fit appellant. The jury could have also rationally inferred that appellant was in the bedroom where the firearms were located when the police arrived. Upon arrival, the police saw a person looking through the bedroom

6

window and appellant immediately came outside.

From this evidence, a rational juror could have found that appellant lived in the bedroom where the firearms were found in plain view.[2] *See Cooper v. State*, 852 S.W.2d 678, 681−82 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding that appellant was affirmatively linked to contraband because evidence reflected that defendant was seen at the residence four consecutive days, received mail at the residence, and had clothes in the closet); *see also Herrera v. State*, 561 S.W.2d 175, 178 (Tex. Crim. App. 1978) (letters addressed to the defendant discovered in apartment where drugs were found); *Pigg v. State*, 760 S.W.2d 330, 331 (Tex. App.—Beaumont 1988, no pet.) (clothing found in closet where drugs were seized fit the defendant); *Brown v. State*, No. 14-12-01035-CR, 2013 WL 6237341, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, pet. ref'd) (mem. op.) (not designated for publication) (appellant had control over residence where he paid rent and received mail at the address). The evidence establishes appellant's connection to the firearms, not merely fortuitous proximity. A rational jury could have found beyond a reasonable doubt that appellant exercised care, custody, control, or management over the firearms. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction.

We overrule appellant's third issue.

### III.   Ineffective Assistance of Counsel

Appellant asserts that his trial counsel rendered ineffective assistance of

---

[2] Appellant cites to *Collins v. State*, a case in which the court held the evidence was legally insufficient to convict the defendant of possession when he lived in a small house, the electric bill was in his name, and the drugs were in plain view. 901 S.W.2d 503, 506−07 (Tex. App.—Waco 1994, pet. ref'd). However, *Collins* is distinguishable because the drugs were found in the defendant's brother's bedroom and there was no evidence that defendant had been in that room. *Id*. at 506.

counsel because he failed to object to the evidence derived from the alleged unlawful searches and seizures. Appellant contends that by not objecting to the unconsented entry and warrantless seizure of the firearms and mail, trial counsel failed to preserve error and thus rendered ineffective assistance of counsel.

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ex parte Jimenez*, 364 S.W.3d 866, 882−83 (Tex. Crim. App. 2012). Under the *Strickland* test, the appellant must show by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *See id.* at 883; *Strickland*, 466 U.S. at 687−88, 694; *see also Hernandez v. State*, 726 S.W.2d 53, 55−57 (Tex. Crim. App. 1986).

To determine whether counsel's performance was objectively deficient under the first prong, appellant must identify acts or omissions of counsel that allegedly were not the result of reasonable judgment. *Hernandez*, 726 S.W.2d at 55. Appellant must overcome the presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, an allegation of ineffective assistance of counsel must be firmly rooted in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). An ineffective assistance claim with a record silent as to a trial counsel's motivations will generally fail because the presumption that counsel's conduct was reasonable has not been overcome. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

To establish prejudice under the second prong, appellant must demonstrate a reasonable probability that, but for counsel's deficiency, the result of the trial

would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.; *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012). To undermine confidence in a guilty verdict, appellant must prove that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 697; *Rico v. State*, 707 S.W.2d 549, 556 (Tex. Crim. App. 1983).

Appellant contends that trial counsel's performance was ineffective because he failed to object to the introduction of evidence obtained by the police's unconsented entry into the residence. However, even if appellant objected to the testimony regarding the firearms at trial, the trial court could have properly overruled the objection.

A valid arrest warrant provides an officer the authority to enter the residence of the person named in the warrant in order to execute the warrant. *Morgan v. State*, 963 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing *Payton v. New York*, 445 U.S. 573, 603 (1980)). In this case, the officers had reason to believe that Russell resided at the 5311 Evella address because Russell gave this address to the parole board. *See Morgan*, 963 S.W.2d at 204. Officer Johnson testified at trial that he reasonably believed Russell was inside the house.

The plain view doctrine is an exception to the warrant requirement which permits an officer to seize what he sees in plain sight or open view if he is lawfully on the premises. *DeLao v. State*, 550 S.W.2d 289, 291 (Tex. Crim. App. 1977). Here, the police were lawfully on the premises because they were attempting to

serve a warrant on Russell, who had provided the parole board with the 5311 Evella address. Once the police were lawfully inside the house, they found the three firearms and the mail because these items were in plain view. *See Reno v. State*, 882 S.W.2d 106, 108 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding trial counsel did not render ineffective assistance of counsel for failing to move to suppress evidence because officers had warrant and reason to believe defendant was in the apartment and evidence was in plain view).

Appellant also argues that his trial counsel was ineffective because he should have objected to the police's testimony regarding the opening of his electric bill. However, similarly, even if appellant objected to this evidence, the trial court could have properly overruled the objection. The electric bill was sitting on the dresser in plain view. *See id*. Although the police opened the mail, testimony at trial was limited to describing the outside of the envelope, which included appellant's name and address at 5311 Evella. Because appellant has failed to show prejudice, trial counsel did not render ineffective assistance of counsel by failing to object to the admission of evidence found in the house.

We overrule appellant's fourth issue.

## CONCLUSION

We overrule the appellant's issues and affirm the jury's verdict.


/s/     Ken Wise
           Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).