**Reva U. WRIGHT, Appellant,**

v.

**GIFFORD-HILL & CO., INC., et al, Appellees.**

No. 10–85–025–CV.

Court of Appeals of Texas, Waco.

Feb. 20, 1986.

Rehearing Denied March 13, 1986.

Michael A. Robertson, Robertson, Boyle, Golden & Arnold, Grand Prairie, Tony D. Crabtree, Dallas, for appellant.

R. Brent Cooper, Michael W. Huddleston, John M. Weaver, Cowles & Thompson, Dallas, for appellees.

## OPINION

THOMAS, Justice.

■ This is a suit by a surviving spouse against her deceased husband's employer to recover exemplary damages under the Texas Worker's Compensation Act. *See* Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 (Vernon 1967). She obtained favorable jury findings of gross negligence, proximate cause and $450,000 in exemplary damages, but she failed to obtain a finding on actual damages. The court ignored the findings on the liability issues and, notwithstanding

the jury's verdict, entered a take-nothing judgment in favor of the employer. We affirm the judgment because exemplary damages cannot be recovered under the Worker's Compensation Act unless there is a finding on the existence and amount of actual damages. *See Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 903 (Tex.1985); *Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 755 (Tex.1984); *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 409 (1934).

Charles Wright, who was employed by Gifford-Hill & Company, Inc., was killed in an accident at Gifford-Hill's concrete pipe plant on September 8, 1979. Reva Wright, his surviving spouse, filed suit against Gifford-Hill to recover exemplary damages under section 5 of article 8306, alleging that Gifford-Hill's gross negligence had proximately caused her husband's death. The jury found that Gifford-Hill's gross negligence had proximately caused his death, and it awarded her $450,000 in exemplary damages. The charge did not contain an issue on actual damages.[1]

Reva Wright makes two principal contentions on appeal. She first argues that the court could not ignore the findings of gross negligence and proximate cause because they were supported by more than a scintilla of evidence. Next, she contends that her recovery of exemplary damages cannot be reduced by comparing Charles Wright's ordinary negligence, which the jury apportioned at 35%, with Gifford-Hill's gross negligence. Gifford-Hill disputes these contentions and asserts in a cross-point that the judgment should be affirmed in any event because she failed to obtain a finding on actual damages.

Section 5 of article 8306 provides:

Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased

---

**1.** Gifford-Hill objected to the charge because it did not include an issue on actual damages and

even tendered an issue on actual damages in substantially correct wording.

[employee] whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such [employee] at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct. In any such suit, such award, ruling or finding shall neither be pleaded nor offered in evidence.

Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 (Vernon 1967). The parties disagree over whether a plaintiff can recover exemplary damages under this statute without a finding of actual damages.

Gifford-Hill contends that the Texas Supreme Court decided the issue in *Fort Worth Elevators, Inc. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934), when it stated:

> The rule in Texas is that exemplary damages cannot be recovered unless the plaintiff is shown to have sustained actual loss or injury.... We are of the opinion that in order to recover exemplary damages [under section 5 of article 8306] the plaintiff must show himself *entitled* to recover actual damages, and which he would recover but for the compensation act. Moreover, the rule in this state is that the amount of exemplary damages allowed must be reasonably proportioned to the actual damages found.... It follows from the rules stated above that in this case the jury should have been asked to find whether or not the [plaintiff] sustained actual damages by reason of the death of Russell, and, if so, the amount thereof.

70 S.W.2d at 409. Wright characterizes this holding as dicta and contends that it violates article XVI, section 26, of the Texas Constitution.[2] She also argues that the amount of her compensation benefits,

which she alleges were conclusively proved, represented a finding of actual damages. Wright's arguments must be rejected.

In *Fort Worth Elevators*, the Texas Supreme Court made three principal rulings: (1) a corporation is only liable in exemplary damages under the statute for the grossly negligent acts of a vice-principal and not for the grossly negligent acts of a mere servant or employee; (2) a corporation retains its common-law defenses in a suit under the statute; and (3) a plaintiff must obtain a finding on the existence and amount of actual damages even though actual damages cannot be recovered in the suit. 70 S.W.2d at 408–09. The court clearly intended its holdings to clarify and settle several basic issues relating to suits under the statute, including those relating to the charge. In *Doubleday*, the court acknowledged the holding relating to the charge as binding precedent when it declared:

> The rule announced [in *Fort Worth Elevators*] was clearly intended to apply to the unique situation created by the statutory bar to recovery of actual damages from an employer covered by worker's compensation. Even in that situation, the plaintiff is required to prove the existence and amount of actual damages to support a recovery of exemplary damages.

674 S.W.2d at 754. Even more recently, the court recognized the holding in *Fort Worth Elevators* in these words: "Even in cases where actual damages are *not recoverable*, it is still necessary to allege, prove and secure jury findings on the existence and amount of actual damage sufficient to support an award of punitive damage." *See Nabours*, 700 S.W.2d at 903.

We hold that Reva Wright had to prove and obtain a finding on the existence and amount of her actual damages to sup-

---

**2.** Article XVI, section 26, provides in part: "Every ... corporation ... that may commit a homicide, through ... gross neglect, shall be responsible, in exemplary damages, to the surviving ... widow...." Tex. Const. art. XVI, § 26.

port a recovery of exemplary damages under section 5 of article 8306. *See Nabours,* 700 S.W.2d at 903; *Doubleday,* 674 S.W.2d at 754; *Fort Worth Elevators,* 70 S.W.2d at 409. Contrary to her contention, benefits under the Texas Worker's Compensation Act are not actual damages and thus cannot be substituted for the required finding. *See St. Paul Ins. Co. v. McPeak,* 641 S.W.2d 284, 287 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Therefore, her failure to obtain such a finding bars a recovery of exemplary damages. Gifford-Hill's first cross-point is sustained, and the judgment is affirmed. We do not reach Wright's points of error.