Reva U. WRIGHT, Petitioner,

v.

GIFFORD–HILL & COMPANY, INC., et al., Respondents.

No. C–5263.

Supreme Court of Texas.

March 4, 1987.

Michael A. Robertson, Robertson, Boyle, Golden, Arnold & Hagle, Grand Prairie, for petitioner.

R. Brent Cooper, Michael W. Huddleston and John M. Weaver, Cowles & Thompson, Dallas, for respondents.

WALLACE, Justice.

This case requires us to decide whether a plaintiff must obtain a jury finding on the amount of actual damages as a prerequisite to recovery of exemplary damages under TEX.REV.CIV.STAT.ANN. art. 8306 § 5. We hold she does not.

Charles Wright was killed while attempting to repair a cement mixer at the Gifford-Hill & Company pipe plant where he was employed. His wife, Reva U. Wright, brought this suit to recover exemplary damages for the death of her husband alleging Gifford-Hill had failed to provide him with a safe place to work.

At the close of trial, Mrs. Wright requested special issues on gross negligence, proximate cause, and exemplary damages which the jury answered favorably. Gifford-Hill objected and tendered an issue on actual damages which the trial court refused to submit. The trial court granted judgment notwithstanding the verdict in favor of Gifford-Hill on the ground that there was no evidence to support the findings of gross negligence and proximate cause.

The court of appeals affirmed, stating Wright's failure to secure jury findings on the existence and amount of actual damages prevents her from recovering exemplary damages. 705 S.W.2d 868. We reverse the judgment of the court of appeals and remand the cause to that court.

Mrs. Wright alleges the court of appeals' ruling violates TEX. CONST. art. XVI § 26 and TEX.REV.CIV.STAT.ANN. art. 8306 § 5. She further contends that proving she actually received workers' compensation benefits is a sufficient showing of actual damages to satisfy the rule enunciated in *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934); however, the record before us contains no evidence that Mrs. Wright was actually receiving workers' compensation benefits as a result of her husband's death. Consequently, we express no opinion as to the validity of this contention.

The court of appeals bases its decision on *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934). The sole question before the court in *Fort Worth Elevators*, was whether a corporation could be held liable for exemplary damages as a result of the gross negligence of its corporate officer. In dicta, the court correctly stated the general rule that "in order to

recover exemplary damages the plaintiff must show himself *entitled* to recover actual damages, and which he would recover but for the compensation act." 123 Tex. at 150, 70 S.W.2d at 409 (emphasis in original). However, the court further equated entitlement to actual damages with securing a jury finding on the amount of such damages. In a workers' compensation case, this strict interpretation of the general rule is archaic and unnecessary.

■ There are two reasons for requiring actual damages as a prerequisite to exemplary damages. The traditionally accepted reason is that the law will not punish even the most heinous conduct if that conduct does not cause injury. Redden, *Punitive Damages* § 3.4(B)(1980). Additionally, under Texas law, actual damages are used to indicate the reasonableness of exemplary damages under the rule that exemplary damages must be rationally related to actual damages. The reasonable relation requirement is merely a tool to aid the courts in determining when an exemplary damage award is the product of "passion rather than reason." *Tynberg v. Cohen,* 76 Tex. 409, 416, 13 S.W. 315, 316 (1890). Factors to be considered in making this determination are the nature of the wrong, character of the defendant's conduct, the degree of the defendant's culpability, the situation and sensibility of the parties, and the extent to which the conduct offends the public sense of justice and propriety. *Alamo National Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). Although it is still a factor which may be considered, an exact amount of actual damages is not necessary to determine whether the exemplary damages are reasonable.

■ The plaintiff in a workers' compensation case cannot recover actual damages. TEX.REV.CIV.STAT.ANN. art. 8306 § 5. Consequently, the questions of ordinary negligence and actual damages are not involved in an action to recover exemplary damages for the death of an employee covered by workers' compensation insurance. *Bennett v. Howard,* 141 Tex. 101, 103, 170 S.W.2d 709, 710 (1943). Therefore, it is a waste of the jury's time

and efforts to require a finding of an amount of actual damages in such a case. In the interest of judicial economy, we disapprove that portion of *Fort Worth Elevators,* 123 Tex. at 150, 70 S.W.2d at 409, which states that a plaintiff must secure a jury finding as to the amount of actual damages in a wrongful death case arising under TEX.REV.STAT.ANN. art. 8306 § 5.

■ After introducing evidence of actual damage and securing jury findings that the gross negligence of Gifford-Hill proximately caused the death of her husband, Mrs. Wright would have been entitled to recover actual damages but for the Workers' Compensation Act. The plaintiff need not secure a finding on the amount of actual damages in order to recover exemplary damages under TEX.REV.CIV.STAT.ANN. art. 8306 § 5.

■ This holding does not conflict with this court's prior decisions in *Nabours v. Longview Savings & Loan Ass'n,* 700 S.W.2d 901 (Tex.1985); *Doubleday & Co., Inc. v. Rogers,* 674 S.W.2d 751 (Tex.1984); and *City Products Corp. v. Berman,* 610 S.W.2d 446 (Tex.1980). None of those cases were exemplary damage suits under the Workers' Compensation Act. Additionally, in all three cases, the juries failed to find actual damages had been sustained in response to special issues. When a jury fails to find a plaintiff has sustained actual damages, the plaintiff is foreclosed from recovering exemplary damages.

■ The statement in *Nabours* that even in cases where actual damages are not recoverable, it is still necessary to allege, prove, and secure jury findings on actual damages is not applicable to causes arising under TEX.REV.CIV.STAT.ANN. art. 8306 § 5. In actions for exemplary damages for the death of an employee covered by workers' compensation, it is nonsensical to require a plaintiff to plead and submit special issues on actual damages which cannot be recovered.

Therefore, we reverse the decision of the court of appeals and remand this cause to that court for consideration of points presented to that court but upon which it

did not rule because of its holding on the exemplary damage issue.

HILL, C.J., joined by GONZALEZ, J.

HILL, Chief Justice, dissenting.

I dissent. It has long been the rule of law in Texas that a plaintiff must secure jury findings on the existence and amount of actual damages in order to recover exemplary damages. *Nabours v. Longview Savings & Loan Association*, 700 S.W.2d 901 (Tex.1985): *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934).

The majority, however, holds that this rule does not apply in a gross negligence death case brought under TEX.REV.CIV. STAT. art. 8306, § 5 (Vernon 1967) (part of the Worker's Compensation Act). The majority reaches this result despite this court's holding to the contrary in *Fort Worth Elevators v. Russell*, decided in 1934 and never before today questioned or overruled. The majority determines here, without legal analysis, that such a rule is "archaic and unnecessary." Citing no legal authority, the majority summarily concludes that "an exact amount of actual damages is not necessary to determine whether the exemplary damages are reasonable" and disapproves *Fort Worth Elevators* "in the interest of judicial economy." Let there be no mistake about it: the *Fort Worth Elevators* court squarely held that "there can be no recovery of exemplary damages in the absence of a recovery of actual damages" and that "we do not believe that the compensation act changes the rule." *Id.* at 150, 70 S.W.2d at 409. "Moreover," said the *Fort Worth Elevators* court, "the rule in this state is that the amount of exemplary damages allowed must be reasonably proportioned to the actual damages found" and, further, "the jury should have been asked to find whether or not the defendants in error (plaintiffs below) sustained actual damages by reason of the death of Russell, and, if so, the amount thereof." *Id.*

This court has never before questioned that the proportionality requirement is a rule with a reason, ensuring that exemplary damages are not awarded because of passion or prejudice. *Nabours*, 700 S.W.2d at 904. Why then does the majority suddenly and without warning disapprove this prior case law? What ever happened to the rule of stare decisis? How can the *Fort Worth Elevators* precedent be so casually disregarded "in the interest of judicial economy?" Because of *Fort Worth Elevators*, the majority cannot explain legally why actual damages are "not involved" in this case. Thus, the majority contents itself to simply state that actual damages are "not involved," without giving any explanation other than to say that any other viewpoint is "nonsensical." Is this the refuge to which we must retreat when trying to explain the unexplainable?

One of the primary reasons for having law and respect for precedent in the first place is to foster a degree of stability and predictability in our society. The majority has totally lost sight of this fact as it unhesitatingly discards an unbroken line of respected, carefully-reasoned precedent. Thus, I dissent.

GONZALEZ, J., joins in this dissenting opinion.