MR0-175 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-90-175-CV




NAGEL MANUFACTURING AND SUPPLY COMPANY,



 APPELLANT


vs.





LUCY ULLOA,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL

DISTRICT


NO. 18,767, HONORABLE CHARLES R. RAMSAY, JUDGE 


 


 





 The opinion issued by this Court on April 24, 1991, is
withdrawn, and the following is filed in lieu thereof.

 Lucy Ulloa sued Nagel Manufacturing and Supply Co.
("Nagel") for damages she sustained from being assaulted and
sexually harassed by Nagel's plant superintendent, Tommy Sanchez,
and from being discharged in retaliation for reporting the
offensive acts to management. The jury returned a verdict in favor
of Ulloa awarding zero damages for mental or emotional harm from
the assault, $7,100 for lost wages from the unlawful harassment,
$15,000 in exemplary damages and attorneys' fees. The court
rendered judgment in accordance with the jury verdict. Nagel
brought a limited appeal complaining that the verdict does not
support an award of exemplary damages. We affirm the trial court's
judgment. 

 In November 1987, Lucy Ulloa filed a charge of
discrimination and retaliatory discharge with the Texas Commission
on Human Rights. She received notice of her right to file a civil
action under § 7.01(a) of the Texas Commission on Human Rights Act,
Tex. Rev. Civ. Stat. Ann. art. 5221K, §§ 1.01-10.05 (1987 & Supp.
1991) ("Human Rights Act").

 Ulloa brought three causes of action in state district
court against Nagel: (1) unlawful harassment based on sex
discrimination, retaliatory employment practices, and retaliatory
discharge; (2) assault; and (3) intentional infliction of emotional
distress. Ulloa sought a declaration of her rights under the Human
Rights Act, reinstatement to her job, an injunction prohibiting
further sexual harassment, lost wages, compensatory and exemplary
damages, and attorneys' fees. 

 The jury found that: (1) Sanchez assaulted Ulloa; (2) in
the course and scope of his employment; and (3) the assault
proximately caused damage to Ulloa. The jury also found that: (1)
Sanchez sexually harassed Ulloa; (2) proximately causing damage to
her; and (3) she was terminated in retaliation for reporting
Sanchez' conduct to the assistant plant manager. The jury awarded
$7,100 in lost wages resulting from the unlawful harassment, zero
damages for mental anguish and emotional distress from the assault,
attorneys' fees, and $15,000 in exemplary damages for the assault. 
The jury found in favor of Nagel on the action for intentional
infliction of emotional distress. 

 Nagel filed a limited appeal complaining that the trial
court erred in rendering judgment for exemplary damages, a remedy
not available under the Human Rights Act, when the jury had awarded
no actual damages for the assault. Because Nagel properly filed a
limited appeal, we must presume that nothing omitted from the
record is relevant to the disposition of the appeal. Tex. R. App.
P. Ann. 53(d) (Pamph. 1990); see also Producer's Constr. Co. v.
Muegge, 669 S.W.2d 717, 718 (Tex. 1984). The statement of facts is
not before this Court and because Nagel relies on the transcript
alone to establish error, we restrict our review to the transcript
to determine whether the district court erred in rendering a
judgment for exemplary damages. 

 As a general rule the right to recover exemplary damages
depends on a finding that the plaintiff suffered actual damages as
a result of an underlying tort. Nabours v. Longview Sav. & Loan
Ass'n, 700 S.W.2d 901, 903 (Tex. 1985); Doubleday & Co., Inc. v.
Rogers, 674 S.W.2d 751, 753-4 (Tex. 1984). The plaintiff must
allege, prove and secure jury findings on the existence and amount
of actual damage sufficient to support an award of exemplary
damage. Nabours, 700 S.W.2d at 903. 

 Nagel argues that because the jury found no actual
damages resulting from the assault on Ulloa there is no basis for
the trial court's award of exemplary damages. We disagree. The
jury found that the assault proximately caused damages to Ulloa. (1) 
While Ulloa failed to persuade the jury that she had suffered
mental anguish or emotional distress as a result of the assault, (2)
she proved that she had sustained damages in the nature of lost
wages as a result of the unlawful harassment by Nagel's employee. 
Because of the way the jury issues were framed, we hold that this
finding supports the award of exemplary damages. 

 Sexual harassment, as the court defined it for the jury,
"means to engage in unwelcome sexual advances, requests for sexual
favors, sexually abusive or vulgar language, or other verbal,
visual or physical conduct," if compliance is made a condition of
employment or used as a basis for an employment decision or if such
conduct interferes with work performance or creates an
intimidating, hostile or offensive working environment. (3) This
definition of harassment, which includes physical conduct, overlaps
with the court's definition of assault: "You are instructed that
Mr. Sanchez committed an assault if Mr. Sanchez intentionally or
knowingly caused physical contact with Ms. Ulloa when Mr. Sanchez
knew or should reasonably have believed that Ms. Ulloa would regard
the contact as offensive or provocative." (4) Not all sexual
harassment includes unwelcome physical contact; but when the jury
found that Nagel's employee committed an assault and committed
unlawful harassment, the trial court properly concluded that the
award of lost wages sounded in tort and supported the award of
exemplary damages. The findings that there was an assault and that
the assault proximately caused Ulloa's damages (5) support this
interpretation. 

 Nagel relies on a long line of Texas cases holding that
there must be actual damages to support an award of exemplary
damages. See Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.,
739 S.W.2d 660, 667 (Tex. 1990); Nabours, 700 S.W.2d at 904;
Doubleday, 674 S.W.2d at 753-4. Two rationales underlie the rule
requiring actual damages to support an award of exemplary damages:
1) the law should not punish wrongful conduct in the absence of
actual injury, and 2) an actual damages award helps the court
insure that exemplary damages are a product of reason not passion. 
See Consolidated Texas Financial v. Shearer, 739 S.W.2d 477, 480
(Tex. App. 1987, writ ref'd). In the present case, the jury found
that Ulloa sustained actual injury and awarded actual damages in an
amount that gives this court a "yardstick" to hold that the
exemplary damages were not excessive.

 More specifically Nagel argues that exemplary damages
can be awarded only when the plaintiff receives actual damages for
which exemplary damages are recoverable. Texas Nat'l Bank v.
Karnes, 717 S.W.2d 901, 903 (Tex. 1986); Bellefonte Underwriters
Ins. Co. v. Brown 704 S.W.2d 742, 744-5 (Tex. 1986). These cases
hold that actual damages recovered for a contract claim will not
sustain an award of exemplary damages. In Karnes the jury found a
breach of contract but no damages in tort and awarded exemplary
damages. The court of appeals, finding some evidence of tortious
conduct that raised jury issues in tort, upheld the exemplary
damages. The supreme court held that the appellate court could not
imply a finding of actual damages in tort and overruled the
exemplary damages award. 717 S.W.2d at 903.

 In Bellefonte the jury awarded actual damages for breach
of contract and $1,000,000 as exemplary damages. Appellant argued
that one special issue was broad enough to include an award of
damages both in contract and in tort. The supreme court noted that
appellant had not mentioned which specific tort might have been
included in the submission and found that the jury question, on its
face, inquired only into contract damages. 704 S.W.2d at 745. By
contrast, in this case the jury submission on harassment overlaps
with the submission on assault, and we conclude that it is broad
enough to include an award of damages in tort. 

 We are required to examine the entire verdict and
indulge every reasonable presumption in favor of the trial court's
judgment. Godde v. Wood, 509 S.W.2d 435, 442 (Tex. Civ. App. 1974,
writ ref'd n.r.e.); see also Warren v. Denison, 563 S.W.2d 299,
303-304 (Tex. Civ. App. 1978, no writ). The jury found that
Nagel's employee, Sanchez, in the course of his employment,
committed an assault which proximately caused damages to Ulloa; the
jury found that Nagel's employee had committed acts constituting
unlawful harassment, including unwelcome physical contact; and the
jury found the acts of harassment had caused Ulloa to suffer actual
damages in the form of lost wages. This award of actual damages
for conduct found to include an assault will support the trial
court's judgment, including the award of exemplary damages. We
overrule appellant's point of error. Accordingly we affirm the
judgment of the trial court.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: June 19, 1991

[Publish]
1. [1] Jury question two: "Did the assault, if you have found
such occurred, proximately cause damages to Lucy Ulloa?"


Answer: "yes."
2. [2] Jury question four: "What sum of money, if any, if paid
now in cash would fairly and reasonably compensate Lucy Ulloa for
her damages, if any, resulting from the assault, if you have found
such occurrence?


You may consider the following elements of damage and none other: 
Mental anguish and emotional distress in the past and that which,
in reasonable probability, she will sustain in the future."


Answer: "[zero.]" 
3. Jury question nine (emphasis added): "Did Tommy Sanchez
sexually harass Lucy Ulloa?

 

'Sexually harass', as used in this question, means to
engage in unwelcome sexual advances, requests for sexual
favors, sexually abusive or vulgar language, or other
verbal, visual or physical conduct if (a) Submission is
made either explicitly or implicitly a term or condition
of employment; (b) Submission to or rejection of such
conduct is used as the basis for employment decisions; or
(c) Such conduct has the purpose or effect of
unreasonably interfering with an individual's work
performance or creating an intimidating, hostile, or
offensive working environment."


Answer: "yes." 
4. Jury question one, instruction (emphasis added).

 

The charge defined assault to include physical contact, usually
referred to as a battery. It is unclear why question three,
damages for the assault, was restricted to a consideration of
mental anguish and emotional distress. 


The instruction about damages accompanying that question reads: 
"You may consider the following elements of damage and none other: 
Mental anguish and emotional distress in the past and that which,
in reasonable probability, she will sustain in the future." 
5. Jury question one: "Do you find that Tommy Sanchez assaulted
Lucy Ulloa?"


Answer: "yes."


See jury question two, reproduced in footnote two.