

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00274-CV

CATHERINE WILSON AND
WILLIAM D. WILSON

APPELLANTS

V.

SIAVASH TAVAKOLI, D.D.S.

APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Catherine and William D. Wilson (Doug) appeal from the trial court's take nothing judgment on their claims against their former dentist Siavash Tavakoli. After a trial, the jury found that Tavakoli had committed fraud against Catherine. The jury found $3,000 in exemplary damages, but no question on actual damages for fraud had been submitted, and, consequently, the jury made no

---

[1]*See* Tex. R. App. P. 47.4.

finding on actual damages for fraud. After Tavakoli filed a motion for judgment, the trial court then entered a take nothing judgment on the Wilsons' claims. In two issues, the Wilsons argue that the trial court erred by limiting the jury's consideration of fraud to the dental work performed on a single tooth and by rendering a take nothing judgment on their claims. Because we hold that the Wilsons have not shown harm from the limiting of the fraud question and that the trial court did not err by granting a take nothing judgment, we affirm.

At trial, Catherine testified that on her first visit to Tavakoli, he told her that he could not clean her teeth unless she first had three teeth pulled. She agreed to the tooth extractions because Tavakoli told her that she had a life-threatening infection and needed the teeth removed immediately.

Catherine stated that Tavakoli also told her that she needed to have bridges put in and root canals performed. Catherine returned for subsequent visits and had two root canals that, according to her, were not included in her original treatment plan and were only performed in an attempt by Tavakoli to make her bridge fit. Catherine was unsatisfied with the fit of the bridge, which, she testified, rocked back and forth. Tavakoli ordered a new bridge to be made, but according to Catherine, she was not told that another bridge would be made. Tavakoli's records listed Catherine as a "no show" for an appointment to fit the new bridge.

Doug, like Catherine, had become Tavakoli's patient when their insurance plan changed to one that did not include their former dentist. Doug testified that

2

when he went to Tavakoli for a cleaning, he was told by the office manager that he needed a root canal, a crown, and a bridge. Doug did not agree to have this work done, however. After the Wilsons' insurance changed again, Doug returned to their former dentist, who told him that he did not need any of the dental work that Tavakoli had deemed necessary.

Catherine also returned to the care of their former dentist when the Wilsons' insurance changed. Catherine went to Tavakoli's office to retrieve her dental records and informed the office manager that the bridge Tavakoli had put in did not fit correctly. The office manager told her that a permanent bridge had been ordered but that Catherine had not shown up for the appointment to fit it. Catherine asked for the bridge, which she had already been charged for, but Tavakoli's office could not produce it.

At trial, Tavakoli testified that on her first visit to him, Catherine's teeth were infected and were so loose that they were practically falling out and that they needed to be extracted that day. Tavakoli stated that he had referred Catherine to a specialist for a second opinion but that she had declined the referral. He later testified that he had not referred her to a specialist until after he had extracted her teeth. He also admitted that one of the root canals he had performed had been done on a healthy tooth. He testified that this had been done to achieve a better result with the bridge and that he had discussed this with Catherine.

3

Tavakoli also testified that the bridge he had given Catherine did not fit properly, and so he decided to treat it as a temporary bridge. He testified that it was not his office's practice to contact a patient to pick up a permanent bridge. Tavakoli also admitted that he had charged Catherine for work done on her tooth number five, a tooth that she did not have; he stated that those charges were a mistake.

The Wilsons requested a jury question asking if Tavakoli performed unnecessary dental work on Catherine for monetary gain and another asking if Tavakoli had perpetuated fraud on Catherine primarily for his own personal benefit. The request included a question on actual damages for negligence but not for fraud. The charge submitted to the jury asked whether Tavakoli committed fraud against Catherine, but unlike the Wilsons' requested question, it limited the jury's consideration to misrepresentations about Catherine's tooth number five. The Wilsons objected to this limitation, and the trial court overruled the objection. Neither party objected that the charge did not contain a question on actual damages for fraud. The charge also included a negligence question.

The jury answered "no" on the negligence question, "yes" on the fraud question, and found $3,000 in exemplary damages. Tavakoli filed a motion for a take nothing judgment on the Wilsons' claims, arguing that section 41.004 of the civil practice and remedies code[2] requires an award of actual damages to support a judgment of exemplary damages. The trial court granted the motion,

---

[2]Tex. Civ. Prac. & Rem. Code Ann. § 41.004 (Vernon 2008).

4

and, after the trial court denied their motion to modify and motion for new trial, the Wilsons brought this appeal.

In their first issue, the Wilsons argue that the trial court erred by limiting the jury's consideration of fraud to the dental work performed on a single tooth. They contend that the evidence supported a broad form submission on fraud pertaining to the rest of the dental work Tavakoli performed on Catherine, which they argue was not necessary or reasonable. To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that the error complained of probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court.[3]

Although the jury was asked if Tavakoli had committed fraud, the jury charge did not include a question for damages relating to the fraud. The only actual damages question was specifically limited to damages for negligence. If the Wilsons objected to the trial court's limiting the jury's consideration to actual damages for negligence, they did not do so on the record,[4] and we are limited to considering the record before us.[5]

---

[3]Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

[4]*See* Tex. R. Civ. P. 274 ("Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections."); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007) (stating that "[a] party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection" and that "[f]ailure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction

Because the jury was not asked to make a finding on actual damages for fraud, we agree with Tavakoli that the Wilsons cannot show harm. The jury found that Tavakoli had committed fraud against the Wilsons, but because no actual damages question was submitted, the jury did not (and could not) make a finding of actual damages for the fraud. Accordingly, the Wilsons are in the same position now as they would have been if a general fraud question had been submitted to which the jury had answered "yes": a positive fraud finding by the jury with no finding of actual damages. The Wilsons do not argue that the actual damages question should not have been limited to negligence damages or that a separate fraud actual damages question should have been submitted, and even if had they made such an argument, they failed to preserve it below.[6] We therefore hold that the Wilsons cannot show that they were harmed by the trial court's limitation of the jury's consideration of fraud to tooth number five, and, accordingly, we overrule their first issue.

In their second issue, the Wilsons argue that the trial court erred by rendering judgment for Tavakoli when the evidence of actual damages was conclusively established by uncontroverted evidence. The Wilsons do not argue

has been requested in writing and tendered by the party complaining of the judgment").

[5]*WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (noting that an appellate court must decide the case based solely upon the record filed).

[6]*See* Tex. R. Civ. P. 274; Tex. R. App. P. 33.1; *Ford Motor Co.*, 242 S.W.3d at 43.

that the trial court erred by denying their motion to modify the judgment or grant a new trial. Instead, they argue that the trial court should not have granted Tavokoli's motion for judgment in the first place. In support of that argument, they assert that (1) they were not required to submit the question to the jury because damages of at least $500 were conclusively established by the evidence, or, alternatively, were judicially admitted and (2) no award of actual damages was necessary to sustain an award of exemplary damages.

Section 41.004(a) provides that "exemplary damages may be awarded only if damages other than nominal damages are *awarded*."[7] Prior to the legislature's adoption of section 41.004, the common law likewise prohibited the recovery of exemplary damages in the absence of actual damages.[8] Some courts, however, had only required a plaintiff to produce evidence that would support a finding of actual damages, regardless of whether actual damages were actually awarded.[9] The Wilsons urge this court to interpret section 41.004 in accordance with those cases and to hold that because they provided uncontroverted evidence of actual damages, the award of exemplary damages should be upheld.

---

[7]Tex. Civ. Prac. & Rem. Code Ann. § 41.004(a) (emphasis added).

[8]*Cherry v. Turner*, 560 S.W.2d 794, 795–96 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.).

[9]*See Prudential Corp. v. Bazaman*, 512 S.W.2d 85, 94 (Tex. Civ. App.—Corpus Christi 1974, no writ) (citing cases so holding).

The Supreme Court of Texas has held that to recover exemplary damages, a plaintiff must allege, prove, and secure findings on the existence and amount of actual damages.[10] That court has created a very narrow exception to this rule in the limited context of a wrongful death action for the death of an employee covered by worker's compensation. In *Wright v. Gifford-Hill & Co., Inc.*, the plaintiff had sued under a provision in the worker's compensation act that expressly allowed for exemplary damages; under that act, actual damages were not recoverable.[11] The plaintiff introduced evidence of actual damages, but, because of the act, she could not have been awarded those damages.[12] The court held that in the interest of judicial economy, no jury finding of actual damages was necessary to recover exemplary damages in such an action.[13] The court concluded that "it is nonsensical to require a plaintiff to plead and submit special issues on actual damages which *cannot* be recovered."[14] But the court did nothing to abrogate the general rule than ordinarily, there must be a finding of actual damages.[15]

---

[10]*Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 903 (Tex. 1985).

[11]*Wright v. Gifford-Hill & Co., Inc.*, 725 S.W.2d 712, 714 (Tex. 1987).

[12]*Id.*

[13]*Id.*

[14]*Id.* (emphasis added).

[15]*See, e.g., Travelers Indem. Co. of Ill. v. Fuller*, 892 S.W.2d 848, 852 (Tex. 1995) (holding that plaintiff suing under the Texas wrongful death act could

The Wilsons argue, and we agree, that under section 41.004, the term "awarded" includes an award by the trial court.[16] Thus, if the trial court had awarded the Wilsons actual damages, section 41.004 would not bar an award of exemplary damages. But the trial court did not award any actual damages to the Wilsons, and the Wilsons did not ask for any such award in lieu of submitting a damages question to the jury. They did not file a motion for judgment asking for the trial court to award $500 in actual damages. Nor did they did file any response or objection to Tavakoli's motion for judgment in which he argued that because no actual damages had been awarded, the Wilsons were not entitled to the exemplary damages found by the jury. Accordingly, to reverse the trial court's judgment based on the arguments made by the Wilsons on appeal,[17] we would have to hold that because the Wilsons introduced evidence that they paid $500 for work on a tooth that Catherine did not have (conduct that the jury found was fraud) and this evidence was uncontroverted by Tavakoli, the trial court had

not recover exemplary damages when her claim for compensable damages was barred by the worker's compensation act).

[16] *See, e.g., Myers v. Walker*, 61 S.W.3d 722, 725–26 (Tex. App.—Eastland 2001, pet. denied) (upholding an award for actual and exemplary damages after a bench trial).

[17] *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (noting that an appellate court cannot reverse on unassigned error).

a duty to sua sponte enter an award of $500 in actual damages.  We decline to so hold.[18]

We acknowledge that one reason for requiring an award of actual damages as a prerequisite to recovery of exemplary damages is that the law will not punish conduct that does not cause injury[19] and that the evidence was uncontradicted that Catherine paid $500 for work on a tooth she did not have. But the statute plainly requires an award of actual damages, which the Wilsons did not receive and never asked for until after judgment when they filed their motion to modify.  The supreme court has not created an exception to section 41.004 for cases such as this one.  Accordingly, we overrule the Wilsons second issue.

Having overruled both of the Wilsons issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  February 10, 2011

---

[18] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009) (applying Texas law and holding that exemplary damages were not recoverable because no actual damages resulting from the defendant's tortious conduct were requested or awarded).

[19] *Wright*, 725 S.W.2d at 714.