02-09-274-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 02-09-00274-CV

 

 


 
 
 CATHERINE WILSON AND 
 WILLIAM D. WILSON
 
 
                                          APPELLANTS
 
 


 

V.

 


 
 
 SIAVASH TAVAKOLI, D.D.S.
 
 
                                              
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 17TH DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

Catherine and William D. Wilson (Doug) appeal from
the trial court’s take nothing judgment on their claims against their former
dentist Siavash Tavakoli.  After a trial, the jury found that Tavakoli had committed fraud against Catherine.  The jury found $3,000 in exemplary damages,
but no question on actual damages for fraud had been submitted, and,
consequently, the jury made no finding on actual damages for fraud.  After Tavakoli
filed a motion for judgment, the trial court then entered a take nothing
judgment on the Wilsons’ claims.  In two
issues, the Wilsons argue that the trial court erred by limiting
the jury’s consideration of fraud to the dental work performed on a single
tooth and by rendering a take nothing judgment on their claims.  Because we hold that the Wilsons have not
shown harm from the limiting of the fraud question and that the trial court did
not err by granting a take nothing judgment, we affirm.

At
trial, Catherine testified that on her first visit to Tavakoli,
he told her that he could not clean her teeth unless she first had three teeth
pulled.  She agreed to the tooth
extractions because Tavakoli told her that she had a
life-threatening infection and needed the teeth removed immediately.

          Catherine stated that Tavakoli
also told her that she needed to have bridges put in and root canals
performed.  Catherine returned for
subsequent visits and had two root canals that, according to her, were not
included in her original treatment plan and were only performed in an attempt
by Tavakoli to make her bridge fit.  Catherine was unsatisfied with the fit of the
bridge, which, she testified, rocked back and forth.  Tavakoli ordered a
new bridge to be made, but according to Catherine, she was not told that
another bridge would be made.  Tavakoli’s records listed Catherine as a “no show” for an
appointment to fit the new bridge.

Doug,
like Catherine, had become Tavakoli’s patient when
their insurance plan changed to one that did not include their former dentist.  Doug testified that when he went to Tavakoli for a cleaning, he was told by the office manager
that he needed a root canal, a crown, and a bridge.  Doug did not agree to have this work done,
however.  After the Wilsons’ insurance
changed again, Doug returned to their former dentist, who told him that he did
not need any of the dental work that Tavakoli had
deemed necessary.

          Catherine also returned to the care of their former dentist
when the Wilsons’ insurance changed. 
Catherine went to Tavakoli’s office to
retrieve her dental records and informed the office manager that the bridge Tavakoli had put in did not fit correctly.  The office manager told her that a permanent
bridge had been ordered but that Catherine had not shown up for the appointment
to fit it.  Catherine asked for the
bridge, which she had already been charged for, but Tavakoli’s
office could not produce it.

          At trial, Tavakoli testified that
on her first visit to him, Catherine’s teeth were infected and were so loose
that they were practically falling out and that they
needed to be extracted that day.  Tavakoli stated that he had referred Catherine to a
specialist for a second opinion but that she had declined the referral.  He later testified that he had not referred
her to a specialist until after he had extracted her teeth.  He also admitted that one of the root canals
he had performed had been done on a healthy tooth.  He testified that this had been done to
achieve a better result with the bridge and that he had discussed this with
Catherine.

          Tavakoli also testified that the
bridge he had given Catherine did not fit properly, and so he decided to treat
it as a temporary bridge.  He testified
that it was not his office’s practice to contact a patient to pick up a
permanent bridge.  Tavakoli
also admitted that he had charged Catherine for work done on her tooth number five,
a tooth that she did not have; he stated that those charges were a mistake.

          The Wilsons requested a jury question asking if Tavakoli performed unnecessary dental work on Catherine for
monetary gain and another asking if Tavakoli had
perpetuated fraud on Catherine primarily for his own personal benefit.  The request included a question on actual
damages for negligence but not for fraud.  The charge submitted to the jury asked whether Tavakoli
committed fraud against Catherine, but unlike the Wilsons’ requested
question, it limited the jury’s consideration to
misrepresentations about Catherine’s tooth number five.  The Wilsons objected to this limitation, and
the trial court overruled the objection. 
Neither party objected that the charge did not contain a question on
actual damages for fraud.  The charge
also included a negligence question.

          The jury answered “no” on the negligence question, “yes” on
the fraud question, and found $3,000 in exemplary damages.  Tavakoli filed a
motion for a take nothing judgment on the Wilsons’ claims, arguing that section
41.004 of the civil practice and remedies code[2]
requires an award of actual damages to support a judgment of exemplary
damages.  The trial court granted the
motion, and, after the trial court denied their motion to modify and motion for
new trial, the Wilsons brought this appeal.

          In their first issue, the Wilsons argue that the trial
court erred by limiting the jury’s consideration of fraud to the dental work
performed on a single tooth.  They
contend that the evidence supported a broad form submission on fraud pertaining
to the rest of the dental work Tavakoli performed on
Catherine, which they argue was not necessary or reasonable.  To obtain reversal of a judgment based upon
an error in the trial court, the appellant must show that the error complained
of probably caused rendition of an improper judgment or probably prevented the
appellant from properly presenting the case to this court.[3]  

          Although the jury was asked if Tavakoli
had committed fraud, the jury charge did not include a question for damages
relating to the fraud.  The only actual
damages question was specifically limited to damages for negligence.  If the Wilsons objected to the trial court’s
limiting the jury’s consideration to actual damages for negligence, they did
not do so on the record,[4] and
we are limited to considering the record before us.[5]

Because
the jury was not asked to make a finding on actual damages for fraud, we agree
with Tavakoli that the Wilsons cannot show harm.  The jury found that Tavakoli
had committed fraud against the Wilsons, but because no actual damages question
was submitted, the jury did not (and could not) make a finding of actual
damages for the fraud.  Accordingly, the
Wilsons are in the same position now as they would have been if a general fraud
question had been submitted to which the jury had answered “yes”: a positive
fraud finding by the jury with no finding of actual damages.  The Wilsons do not argue that the actual damages
question should not have been limited to negligence damages or that a separate
fraud actual damages question should have been submitted, and even if had they
made such an argument, they failed to preserve it below.[6]  We therefore hold that the Wilsons cannot
show that they were harmed by the trial court’s limitation of the jury’s
consideration of fraud to tooth number five, and, accordingly, we overrule
their first issue.

In their second
issue, the Wilsons argue that the trial court erred by rendering judgment for Tavakoli when the evidence of actual damages was
conclusively established by uncontroverted evidence.  The Wilsons do not argue that the trial court
erred by denying their motion to modify the judgment or grant a new trial.  Instead, they argue that the trial court
should not have granted Tavokoli’s motion for
judgment in the first place.  In support
of that argument, they assert that (1) they were not required to submit the
question to the jury because damages of at least $500 were conclusively
established by the evidence, or, alternatively, were judicially admitted and
(2) no award of actual damages was necessary to sustain an award of exemplary
damages.  

Section 41.004(a)
provides that “exemplary damages may be awarded only if damages other than
nominal damages are awarded.”[7]  Prior to the legislature’s adoption of
section 41.004, the common law likewise prohibited the recovery of exemplary
damages in the absence of actual damages.[8]  Some courts, however, had only required a
plaintiff to produce evidence that would support a finding of actual damages,
regardless of whether actual damages were actually awarded.[9]  The Wilsons urge this court to interpret
section 41.004 in accordance with those cases and to hold that because they
provided uncontroverted evidence of actual damages, the award of exemplary
damages should be upheld.

The Supreme Court
of Texas has held that to recover exemplary damages, a plaintiff must allege,
prove, and secure findings on the existence and amount of actual damages.[10]  That court has created a very narrow
exception to this rule in the limited context of a wrongful death action for
the death of an employee covered by worker’s compensation.  In Wright
v. Gifford-Hill & Co., Inc., the plaintiff had sued under a provision
in the worker’s compensation act that expressly allowed for exemplary damages;
under that act, actual damages were not recoverable.[11]  The plaintiff introduced evidence of actual
damages, but, because of the act, she could not have been awarded those
damages.[12]  The court held that in the interest of
judicial economy, no jury finding of actual damages was necessary to recover
exemplary damages in such an action.[13]  The court concluded that “it is nonsensical
to require a plaintiff to plead and submit special issues on actual damages
which cannot be recovered.”[14]  But the court did nothing to abrogate the
general rule than ordinarily, there must be a finding of actual damages.[15]  

The Wilsons argue,
and we agree, that under section 41.004, the term “awarded” includes an award
by the trial court.[16]  Thus, if the trial court had awarded the
Wilsons actual damages, section 41.004 would not bar an award of exemplary
damages.  But the trial court did not
award any actual damages to the Wilsons, and the Wilsons did not ask for any
such award in lieu of submitting a damages question to the jury.  They did not file a motion for judgment
asking for the trial court to award $500 in actual damages.  Nor did they did file any response or
objection to Tavakoli’s motion for judgment in which
he argued that because no actual damages had been awarded, the Wilsons were not
entitled to the exemplary damages found by the jury.  Accordingly, to reverse the trial court’s
judgment based on the arguments made by the Wilsons on appeal,[17]
we would have to hold that because the Wilsons introduced evidence that they
paid $500 for work on a tooth that Catherine did not have (conduct that the
jury found was fraud) and this evidence was uncontroverted by Tavakoli, the trial court had a duty to sua
sponte enter an award of $500 in actual damages.  We decline to so hold.[18]

We acknowledge that
one reason for requiring an award of actual damages as a prerequisite to
recovery of exemplary damages is that the law will not punish conduct that does
not cause injury[19]
and that the evidence was uncontradicted that
Catherine paid $500 for work on a tooth she did not have.  But the statute plainly requires an award of
actual damages, which the Wilsons did not receive and never asked for until
after judgment when they filed their motion to modify.  The supreme court
has not created an exception to section 41.004 for cases such as this one.  Accordingly, we overrule the Wilsons second
issue.

Having overruled
both of the Wilsons issues, we affirm the trial court’s judgment.

 

 

                                                                             
 
 
 
 
 
 
 
 
 LEE ANN DAUPHINOT

                                                                             
 
 
 JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and GABRIEL,
JJ.

 

DELIVERED:  February 10, 2011











[1]See Tex. R. App. P. 47.4.





[2]Tex. Civ. Prac. &
Rem. Code Ann. § 41.004 (Vernon
2008).





[3]Tex. R. App. P. 44.1(a); Romero
v. KPH Consolidation, Inc., 166 S.W.3d 212, 225 (Tex. 2005).  





[4]See Tex. R. Civ. P. 274 (“Any complaint
as to a question, definition, or instruction, on account of any defect,
omission, or fault in pleading, is waived unless specifically included in the
objections.”); Ford Motor Co. v. Ledesma, 242 S.W.3d 32, 43 (Tex. 2007) (stating that
“[a] party objecting to a charge must point out distinctly the objectionable
matter and the grounds of the objection” and that “[f]ailure
to submit a definition or instruction shall not be deemed a ground for reversal
of the judgment unless a substantially correct definition or instruction has
been requested in writing and tendered by the party complaining of the
judgment”).





[5]WorldPeace v. Comm’n for
Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.]
2005, pet. denied) (noting that an appellate court must decide the case based
solely upon the record filed).





[6]See Tex. R. Civ. P. 274; Tex. R. App. P.
33.1; Ford Motor Co., 242 S.W.3d at
43.





[7]Tex. Civ. Prac. & Rem. Code
Ann. § 41.004(a) (emphasis added).





[8]Cherry v. Turner, 560
S.W.2d 794, 795–96 (Tex. Civ.
App.—Austin 1978, writ ref’d n.r.e.).





[9]See Prudential
Corp. v. Bazaman, 512 S.W.2d
85, 94 (Tex. Civ. App.—Corpus
Christi 1974, no writ) (citing cases so holding).





[10]Nabours v. Longview Sav. & Loan Ass’n, 700 S.W.2d 901, 903 (Tex. 1985).





[11]Wright v. Gifford-Hill &
Co., Inc., 725 S.W.2d 712, 714 (Tex. 1987).





[12]Id.





[13]Id.





[14]Id. (emphasis added).





[15]See, e.g., Travelers Indem. Co.
of Ill. v. Fuller, 892 S.W.2d 848, 852 (Tex. 1995) (holding that plaintiff
suing under the Texas wrongful death act could not recover exemplary damages
when her claim for compensable damages was barred by the worker’s compensation
act).





[16]See, e.g., Myers v. Walker, 61 S.W.3d
722, 725–26 (Tex. App.—Eastland 2001, pet. denied)
(upholding an award for actual and exemplary damages after a bench trial).





[17]See Pat Baker Co., Inc. v. Wilson, 971
S.W.2d 447, 450 (Tex. 1998) (noting that an appellate court cannot reverse on unassigned
error).





[18]See Mullins v. TestAmerica,
Inc., 564 F.3d 386, 417 (5th Cir. 2009) (applying Texas law and holding
that exemplary damages were not recoverable because no actual damages resulting
from the defendant’s tortious conduct were requested
or awarded).





[19]Wright, 725 S.W.2d at
714.